IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROGER BUEHL,                        )
                  Plaintiff,        )
                                    )
          v.                        )    Civil Action No. 03-1313
                                    )    Judge Terrence F. McVerry
JEFFREY BEARD, ET AL.,              )    Magistrate Judge Amy Reynolds Hay
                  Defendants.       )

REPORT AND RECOMMENDATION

I.    RECOMMENDATION

     It is respectfully recommended that the Motion for Summary
Judgment filed by Plaintiff (doc. 102) be denied.

II.   REPORT

     Plaintiff, Roger Buehl, an inmate serving a life sentence at
the State Correctional Institution at Albion, Pennsylvania, has
commenced this civil action against the following Defendants:
Jeffrey Beard, Secretary of Pennsylvania Department of
Corrections (DOC); Sharon Burks, Chief Grievance Coordinator,
DOC; Thomas James, former Chief Grievance Coordinator, DOC; Louis
Folino, Superintendent at SCI-Greene; William Stickman, former
Superintendent at SCI-Greene; Phillip Johnson, former
Superintendent at SCI-Greene; Sharon D'Eletto, Grievance
Coordinator at SCI-Greene; and Carol Scire, Grievance Coordinator
at SCI-Greene (collectively, the "Commonwealth Defendants").[1]

_____

     1.  Plaintiff's Amended Complaint also named justices and
judges of the Pennsylvania Supreme Court and Commonwealth Court
of Pennsylvania.  On December 28, 2004, the judicial defendants
                                        (continued...)

Plaintiff alleges that Defendants violated his due process and equal protection rights as protected by the Fourteenth Amendment when they destroyed certain items of his property including several sexually explicit magazines, two key locks and a pair of tweezers.

Presently before the Court for disposition is Plaintiff's Motion for Summary Judgment.

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case.").  The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact.  Once that burden has been met, the non-

---

1.  (...continued)
     were dismissed from this action on the basis of judicial
     immunity (doc. no. 57).

moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

Plaintiff alleges that between 1983 and 1998 he purchased various publications, including erotic magazines, in accordance with former DOC directive DC-ADM 814 and was permitted to retain these publications as part of his personal property.  In October of 1998, DOC issued Directive DC-803, which imposed strict limitations upon possession of sexually explicit magazines.  On January 7, 2002, corrections staff at the State Correctional Institution at Pittsburgh (SCIP) confiscated several erotic magazines from Plaintiff's personal property during an inventory process.  These magazines had a total new price value of approximately $80.00.

On January 23, 2002, Plaintiff filed grievance no. 12493 to contest the confiscation of his magazines.  The February 22, 2002 response notified Plaintiff that the magazines were contraband and ordered their destruction.  Plaintiff unsuccessfully appealed grievance no. 12493 through all levels of DOC administrative review.

Between 1999 and 2001 Plaintiff purchased two padlocks and one set of tweezers from the SCIP commissary in accordance with DOC directive DC-ADM 815, and retained these padlocks as part of his personal property.  These padlocks had a total value of approximately $20.00.  On June 27, 2002, the padlocks were confiscated by staff at SCI-Greene as violative of SCI-Greene policy.  On July 16, 2002, Plaintiff filed grievance no. 25385 contesting the confiscation of the padlocks.  The July 29, 2002 response notified Plaintiff that the padlocks were contraband and ordered their destruction.  Plaintiff unsuccessfully appealed grievance no. 25385 through all levels of DOC administrative review.

On July 23, 2002, Plaintiff filed a Petition for Review in the Commonwealth Court of Pennsylvania seeking review of DOC's actions in destroying his magazines and padlocks.  By orders dated July 25, 2002 and August 8, 2002, the Commonwealth Court refused to acknowledge either original or appellate jurisdiction over Plaintiff's claims.  On September 3, 2002, Plaintiff filed a Notice of Appeal to the Supreme Court of Pennsylvania.  By order dated November 25, 2002, the Justices of the Supreme Court affirmed the refusal of the Commonwealth Court to review Plaintiff's claims.

4

Plaintiff has the following claims remaining in this action: procedural due process, equal protection, and various state law claims.[2]

Fourteenth Amendment - Procedural Due Process

Plaintiff raises procedural due process claims concerning the confiscation of his property.  In this regard, he claims that he did not receive procedural due process regarding the confiscation of his erotic magazines, padlocks and tweezers in that he was not given the opportunity to have them shipped home before they were destroyed and he was not reimbursed for their value.

To establish a due process violation under the Fourteenth Amendment a plaintiff must demonstrate that the defendants deprived him of either a property or liberty interest.  Daniels v. Williams, 474 U.S. 327, 339 (1986).  Property rights are basic civil rights and a deprivation of property without due process gives rise to a claim under section 1983.  Lynch v. Household Fin. Corp., 405 U.S. 538, 552 (1972).  Inmates have a protected property interest in the funds in their prison accounts, Reynolds

_____

2.  Defendants assert that Plaintiff's state law claims are not pending because this Court's previous Report and Recommendation did not so state.  However, Plaintiff clearly raised state law claims in paragraphs IX and X of his Amended Complaint (doc. no. 25).  Defendants have not moved for dismissal of these claims.  Consequently, they do remain pending.  The court does agree, however, that Plaintiff does not have a retaliation claim pending as he did not assert any retaliation claim in his Amended Complaint.

v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997), for which they are entitled to due process when deductions are made. Gillihan v. Shillinger, 872 F.2d 935, 939 (10th Cir. 1989); Quick v. Jones, 754 F. 2d 1521 (9th Cir. 1984); Artway v. Scheidemantel, 671 F. Supp. 330, 337 (D. N.J. 1987).

What is less clear in the present action is whether Plaintiff had a protected property interest in the confiscated items, all of which allegedly were purchased in accordance with existing DOC policies and regulations. Specifically, Plaintiff alleges that he lawfully purchased the erotic magazines in accordance with DOC directive DC-ADM 814 and that he was allowed to retain these publications as part of his personal property. Similarly, Plaintiff alleges, and Defendants admitted, that Plaintiff purchased the key padlocks at SCIP when such padlocks were available for purchase through the SCIP commissary. While the property ultimately was confiscated as contraband under revised DOC policies, it was lawfully possessed by Plaintiff as part of his approved property for some period of time. Moreover, the property does not fall within DOC's enumerated categories of contraband as set forth in the DOC Handbook.

Notwithstanding, Plaintiff is not entitled to summary judgment as to his procedural due process claim for several reasons. First, Plaintiff has not clearly demonstrated that he had a constitutionally protected property interest in the

6

confiscated items and, if so, whether he received all process that was due.  Specifically, the record evidence does not reveal the actual policies involved in the alleged deprivation and any procedure due and/or followed at the time of the taking.  Consequently, it is unclear whether the policies in question created a protectable property interest, and if so, whether any procedural protections provided for by the policies were adequate.  Moreover, as Defendants point out in their response to Plaintiff's Motion, to the extent that Plaintiff's property was destroyed through the negligent or intentional actions of Defendants that were random and unauthorized, Plaintiff may not be able to state a due process claim as a matter of law where he has an adequate state tort remedy to allow him to recover the property, or the value thereof, from state officials in a state forum.  Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984).

To the extent that Plaintiff's property was destroyed pursuant to DOC policy, the principles announced in Mathews v. Eldridge, 424 U.S. 319, 335 (1976) apply.  In that case, the Supreme Court announced a balancing test for determining when a pre-deprivation hearing is necessary under the Fourteenth Amendment.

> Due process is flexible and calls for such
> procedural protections as the particular
> situation demands.  Accordingly, resolution
> of the issue whether the administrative

7

> procedures provided here are constitutionally
> sufficient requires analysis of the
> governmental and private interests that are
> affected.  More precisely, our prior
> decisions indicate that identification of the
> specific dictates of due process generally
> requires consideration of three distinct
> factors: First, the private interest that
> will be affected by the official action;
> second, the risk of an erroneous deprivation
> of such interest through the procedures used,
> and the probable value, if any, of additional
> or substitute procedural safeguards; and
> finally, the Government's interest, including
> the function involved and the fiscal and
> administrative burdens that the additional or
> substitute procedural requirement would
> entail.

Matthews, 424 U.S. at 334-335 (internal quotations and citations omitted).

This Court agrees that the Matthews balancing test may be applicable to plaintiff's claims.  Because the Court does not have all of the applicable policies before it, it cannot determine whether Defendants' policies provided him with all the process that he was due under the Matthews balancing test and whether or not Defendants followed the applicable policies when they failed to provide Plaintiff the opportunity to send the confiscated items home following the completion of the appeals process concerning the confiscation of his property.

Moreover, there are questions of fact as to whether Defendants are entitled to qualified immunity with respect to Plaintiff's due process claims.  Thus, Plaintiff has not demonstrated that he is entitled to summary judgment as a matter

of law with respect to Plaintiff's due process property interest
claims.

        <u>Fourteenth Amendment - Substantive Due Process</u>

        Plaintiff also seeks to impose liability against Defendants
under the "substantive due process" prong of the Fourteenth
Amendment.  This right protects individuals against arbitrary
governmental action regardless of the fairness of the procedures
used to implement them.[3]  The Supreme Court has declined to set
forth a precise rule outlining the contours of "arbitrary"
conduct.  Notwithstanding, in <u>County of Sacramento v. Lewis</u>, 523
U.S. 833 (1998), the court instructed that the substantive
component of the Due Process Clause only can be violated by
governmental employees only when their conduct amounts to an
abuse of official power that "shocks the conscience."  In so
holding, the court reiterated its long standing jurisprudence
that only the most egregious official conduct can be said to be
"arbitrary" in the constitutional sense.  The court further
instructed that courts should employ a variable range of
culpability standards, dependant upon on the circumstances of the

_____

        3.  <u>See</u> <u>Collins v. Harker Heights</u>, 503 U.S. 115, 126 (1992)
(the Due Process Clause was intended to prevent government
officials from abusing power, or employing it as an instrument
of oppression); <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974)
("The touchstone of due process is protection of the individual
against arbitrary action of government.").

case, in determining whether certain actions rise to a
constitutionally "shocking" level.

In the present action, the Plaintiff seeks to impose
liability on the basis of the Defendants' actions in destroying
contraband property without giving Plaintiff the opportunity to
send it home.  Plaintiff has not demonstrated that such conduct
"shocks the conscious" such that it violates the substantive due
process protections set forth in the Fourteenth Amendment.
Consequently, Plaintiff has failed to demonstrate he is entitled
to summary judgment as to his claim under the substantive prong
of the Due Process Clause.

E. <u>Fourteenth Amendment - Equal Protection</u>

Plaintiff seeks summary judgment with respect to two alleged
violations of his equal protection rights.  First, he claims that
his right to equal protection was violated when his erotic
magazines were confiscated and he was not given the opportunity
to send them home <u>following</u> the appeal process.  Specifically, he
claims that the DOC policy providing separate rights for inmates
who choose not to appeal decisions disapproving publications from
those who do appeal constitutes illegal disparate treatment.

Plaintiff's second equal protection claim involves the
destruction of his padlocks and tweezers.  In this regard, he
claims that he was treated differently than other similarly

situated prisoners in that he was not given the opportunity to have his confiscated property shipped home.

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.' " Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985)). See also United States v. Armstrong, 517 U.S. 456 (1996) (Equal Protection Clause prohibits decisions to prosecute based on an unjustifiable standard such as race, religion, or other arbitrary classification).

The level of scrutiny applied to ensure that classifications comply with this guarantee differs depending on the nature of the classification. Classifications involving suspect or quasi-suspect class, or impacting certain fundamental constitutional rights, are subject to heightened or "strict" scrutiny. City of Cleburne, 473 U.S. at 439. Other classifications are subject to the "rational basis" test, which requires that a classification need only be rationally related to a legitimate state interest to survive an equal protection challenge. F.C.C. v. Beach Communications, Inc., 508 U.S. 307 (1993) (statutory classification that neither proceeds along suspect lines nor

11

infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts); Chapman v. United States, 500 U.S. 453, 465 (1991).

Plaintiff's claims assert unequal treatment with respect to his fundamental right to petition the government, i.e., his right to appeal the decision denying his publication, and his fundamental right to due process of law with respect to Defendants' actions in denying him the opportunity to send his padlocks home when other inmates similarly situated were so allowed as provided for under DOC policy.  Plaintiff is not entitled to summary judgment as to his equal protection claims. First, Defendants have disputed his factual assertions that he was provided no opportunity to ship his property home.  Second, Defendants may have a rational basis or legitimate state interest for providing separate rights to non-appealing inmates v. inmates who elect to appeal decisions denying publications.  In addition, they may have a rational basis or legitimate state interest for treating plaintiff differently than inmates who were provided the opportunity to send newly-designated contraband property items home in accordance with their own policies.  Accordingly, Plaintiff has not demonstrated that he is entitled to summary judgment as to Plaintiff's equal protection claims.

III. CONCLUSION

It is respectfully recommended that the Motion for Summary Judgment filed by Plaintiff (doc. 102) be denied.

The parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:  12 June, 2006

cc:  Hon. Terrence F. McVerry
     United States District Judge

     Roger Buehl, AM-7936
     SCI-Albion
     10745 Route 18
     Albion, PA 16475-0004

     Mariah Passarelli, Esquire
     Office of the Attorney General
     564 Forbes Avenue
     6th Floor, Manor Complex
     Pittsburgh, PA 15219

     Mary E. Butler, Esquire
     Administrative Office of PA Courts
     1515 Market Street, Suite 1414
     Philadelphia, PA 19102