```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ROGER BUEHL,                    )
          Plaintiff,            )
                                )
     v.                         )   Civil Action No. 03-1313
                                )   Judge Terrence F. McVerry
JEFFREY BEARD, ET AL.,          )   Magistrate Judge Hay
          Defendants.           )
```

MEMORANDUM ORDER

The above captioned case was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules.

The Magistrate Judge's Report and Recommendation (doc. no. 111), filed on June 13, 2006, recommended that the Motion for Summary Judgment filed by Plaintiff (doc. no. 102) be denied because questions of fact existed as to Plaintiff's remaining claims.  In so deciding, the Magistrate Judge declined to address the retaliation claim argued in Plaintiff's Brief because he did not assert such claim in his Amended Complaint (doc. no. 25). All parties were served with the Report and Recommendation and were advised they were allowed ten (10) days from the date of service to file written objections to the report and recommendation.

The Plaintiff filed Objections on June 29, 2006 (doc. no. 113).  In his Objections, Plaintiff argued, *inter alia*, that the Court should have addressed his retaliation claim under the

liberal pleading standard applicable to *pro se* litigants.  He further asserted that he was entitled to summary judgment as to his remaining due process and equal protection claims.  The Defendants filed a Response to the Objections on August 7, 2006 (doc. no. 115).

With respect to Plaintiff's first objection regarding his retaliation claim, this Court agrees with the Magistrate Judge that Plaintiff did not specifically set forth a retaliation claim in Count II of his Amended Complaint.  Moreover, even if the Court determined that he had, he would not be entitled to summary judgment as to such claim.  In this regard, in order to prevail on a retaliation claim, a plaintiff must show three things:  (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) that he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action.  See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).  Here, Plaintiff cannot establish the third factor because the undisputed facts reveal that his property was destroyed because it was deemed to be contraband, not because Plaintiff filed a grievance complaining about its confiscation.  Thus, it was not error for the Magistrate Judge not to address Plaintiff's retaliation claim. Moreover, it is not necessary to allow Plaintiff to amend his

Complaint as such action would be futile, for the reasons just discussed.[1]  Finally, the Court agrees with the Report that there are disputed issues of material fact that preclude summary judgment for Plaintiff as to his remaining due process and equal protection claims.

After review of the pleadings and the documents in the case, together with the report and recommendation and objections and response thereto, the following order is entered.

**AND NOW**, this 12th day of September, 2006,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (doc. no. 102) is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (doc. no. 111) of Magistrate Judge Hay, dated June 13, 2006, is adopted as the opinion of the court, as supplemented by the Memorandum Opinion.

By the Court:

s/ Terrence F. McVerry
Terrence F. McVerry
United States District Judge

cc:  The Honorable Amy Reynolds Hay
     United States Magistrate Judge

---

[1]  "Futility" means that the Complaint, as amended, nevertheless would fail to state a claim upon which relief could be granted, as judged by the legal standard applied under Fed.R.Civ.P. 12(b)(6).  See In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997).

```
cc:   Roger Buehl
      AM-7936
      SCI Albion
      10745 Route 18
      Albion, PA 16475-0004

      Mariah Passarelli, Esquire
      Email: mpassarelli@attorneygeneral.gov

      Mary E. Butler, Esquire
      Email: legaldepartment@pacourts.us
```