IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER BUEHL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-1313 |
| | ) | Judge Terrence F. McVerry |
| JEFFREY BEARD, ET AL., | ) | Magistrate Judge Amy Reynolds Hay |
| Defendants. | ) | |
| | ) | Dkt. [119] |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights action was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation ("Report"), Dkt. [145], filed on May 7, 2007, recommended that the Defendants' Motion for Summary Judgment, Dkt. [119], be granted due to Plaintiff's procedural default of his claims against the Defendants for his failure to name them in his grievances and grievance appeals.  Service was made on the Plaintiff at SCI-Albion, 10745 Route 18, Albion, PA 16475-0004, which was the address listed on the docket.  Plaintiff was informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, he had ten (10) days to file any objections.  Plaintiff filed a motion for an extension of time in which to file his objections.  Dkt. [149].  That motion was granted in part and Plaintiff was given until June 8, 2007, more than one month after the Report and Recommendation was filed.  Dkt. [150] and actually Plaintiff was permitted an additional 7 days thereafter or until June 15, 2007 in which to

file his objections. Dkt. [156]. Plaintiff filed his objections on June 11, 2007. Dkt. [157]. The Court will briefly address those objections.

The Report found that Plaintiff had procedurally defaulted his claims against all of the defendants because he failed to name any of them in the course of the grievance proceedings either in the initial grievances or in his appeals. Plaintiff objects and argues that although he may have been required to name the defendants in his initial grievances, here he could not have done so because the issue he complains about and is suing over, i.e., the destruction of his property, as opposed to the confiscation of his property, did not occur until after he filed his initial grievances. He argues that there was no requirement that he name the defendants in his grievance appeals, as opposed to the initial grievances, in order to complain about the destruction of his property. The court finds this argument unpersuasive.

It is clear that Plaintiff was required to name the responsible individuals in the initial grievance. The question arises was he also required to name the Defendants in his appeals of the grievances, on pain of procedural default. The Court finds that he was. To the extent that the destruction of his property did not occur until after Plaintiff had filed the initial grievance,[1] Plaintiff apparently had one of two courses available to him: (1) to file a new initial grievance concerning the destruction of his property as distinct from the confiscation of his property or (2)

---

[1] Plaintiff posits that the issue he initially grieved about was the confiscation of his property, not the destruction of his property, which was accomplished only after he filed the initial grievance but before he filed his first level appeal. Plaintiff draws a stark dichotomy between the confiscation and destruction of his property. The Court is not convinced that such a stark dichotomy is justified. Indeed, but for the acts of those individuals responsible for the confiscation of his property, the destruction of his property could not have occurred. Moreover, both the confiscation and destruction of his property were accomplished via the same policies apparently promulgated by Defendant Beard and enforced by the other defendants, nonetheless, Plaintiff never named any of the individuals involved in either the confiscation of his property nor the destruction of his property.

raise the issue of the destruction of his property in his appeals of the grievance. Plaintiff chose the latter course. However, in neither of his appeal levels did he mention any of the Defendants by name. The pertinent policy governing the appeals clearly provides that "[o]nly issues that were raised for initial review may be appealed" and "[o]nly issues raised at the Initial Review and appeal to the Facility Manager may be appealed at this level[,]" i.e., the third and final level appeal. Dkt. [143-2] at 34 (¶ C.1.b) & at 35 (¶ D.1.b). In construing these provisions, as we are required to do,[2] the Court finds implicit in these provisions the requirement that Plaintiff have named the Defendants in the appeals process. Had Plaintiff not named them in the initial review because he had not yet known of the destruction of his property, he was required to name them in the appeals process, if that was the first time he was aware of the destruction of his property that occurred after the initial grievance was filed. Failure to name these Defendants at **any time** in the grievance procedure constitutes a procedural default. Finding these provisions to require the naming of the Defendants at the first opportunity available effectuates the goals of putting the prison officials on notice of the persons claimed to be guilty of wrongdoing as was explained by

---

[2] See, e.g., Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004) wherein the Court held

> At worst, the state administrative body will not have passed at all on the prisoner's procedural compliance vel non, and the federal court must undertake an independent procedural default inquiry. This is what we must do here, for no ruling from the prison administrators addresses the procedural implications of Spruill's failure to specifically ask for money damages or his failure to name Brown in his grievances.
> Because this exercise is essentially a matter of statutory construction-it turns on the interpretation of the Grievance System Policy-it is a question of law over which we have plenary review. See Stokes v. Dist. Attorney, 247 F.3d 539, 540-41 (3d Cir.2001). It is therefore appropriate for this Court to undertake the inquiry in the first instance.

As in Spruill, so also here, the Prison Appeals adjudicators did not pass upon Plaintiff's failure to name any of the Defendants either in the appeals process or in the initial grievance. Hence, the task falls to this court in the first instance to construe the DOC policy to determine the significance of Plaintiff's failure.

Spruill: "[t]he purpose of the regulation here [i.e., regarding the initial grievance] is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing." Spruill, 372 F.3d at 234. Accord Fortune v. Bitner, 2006 WL 2796158, *9 (M.D.Pa. Sept. 25, 2006)("The PLRA exhaustion requirement is satisfied if the Plaintiff files a grievance and appeals the denial of the grievance to the highest level possible, giving the prison 'fair notice' of the claim and an opportunity to remedy it. To provide fair notice of a claim, the plaintiff must allege specific acts of mistreatment or misconduct and identify the responsible party or parties."). Having not been able to name the individuals responsible for the destruction of his property in the initial grievance, Plaintiff was required to name them in his first level appeal, which was the first opportunity to do so. Having failed to do so, he failed to give the prison authorities notice of the responsible individuals and therefore procedurally defaulted his claims against all defendants. Accordingly, this objection is overruled.

Plaintiff's next objection is that because the Prison Authorities addressed Plaintiff's claims of property destruction on the merits, he argues that this court should not rely on the fact that he failed to name names to find that his claims against the individual defendants are procedurally defaulted precisely because he never named any of them in the grievance process. The court is not persuaded for two reasons. First, despite the fact that the Defendants argued that Plaintiff failed to exhaust and procedurally defaulted by not naming the Defendants in the grievance proceedings, Plaintiff never argued in response to the summary judgment motion filed by the Defendants that the Defendants excused this procedural default by addressing his claimed property destruction on the merits. Plaintiff raised this argument for the first time in his objections.

The rule is that where issues or arguments are raised for the first time in objections, they are waived. See, e.g., Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); Jimenez v. Barnhart, 46 Fed.Appx. 684, 684 (3d Cir. 2002)("because Appellant raised the argument that she is entitled to a closed period of disability for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived.")(citing Laborers' Int'l Union of N.A. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994)); Heston v. Commissioner of Social Sec., 245 F.3d 528, 535 (6th Cir. 2001) ("parties may not raise new arguments or issues at the district court stage that were not presented to the Magistrate Judge."); Ward v. United States, 208 F.3d 216 (Table), 2000 WL 282648, *1 (6th Cir. 2000)("Ward had not raised this argument previously and a claim raised for the first time in objections to a magistrate judge's report is deemed waived."). Accordingly, because Plaintiff raised, for the first time in his objections to the report, the argument that his procedural default should be overlooked because his claims were addressed on the merits, Plaintiff has waived the argument.

Alternatively, even if not waived, the court finds Plaintiff's argument unpersuasive. If the DOC regulations require that a prisoner name names at the earliest time possible, and as we have held they do, then Plaintiff's complete failure to name such names ever in the course of the grievance proceedings means that he procedurally defaulted his claims against those individuals, whom he failed to name and whom he now seeks to sue. See, Williams v. Pennsylvania, Dep't of Corrections, 146 Fed.Appx. 554, 557 (3d Cir. 2005) ("his [i.e., the prisoner's] failure to identify defendants Herbert, Street, or Smith in either of his two grievances, means that he failed to

5

exhaust his administrative remedies in accordance with Pennsylvania's grievance process and the PLRA.");[3] <u>Armstrong v. Folino</u>, 2007 WL 710281, *5 (W.D.Pa. March 6, 2007) ("Although the grievance ultimately was addressed by Lt. Workman ... that does not change the fact that his court may rely on his procedural default as a basis for dismissal of his claim."). Accordingly, this objection is overruled.

Plaintiff's next objection is that the Magistrate Judge erred in directing the Defendants to file a reply in response to Plaintiff's opposition to the summary judgment motion. This is not properly an objection to the Report but really a disguised appeal from the Magistrate Judge's order of April 13, 2007. Dkt. [142]. Plaintiff already appealed that order, Dkt. [144], and the Magistrate Judge's order was affirmed. Dkt. [151]. Accordingly, this objection is overruled.

Plaintiff's next objection is really an appeal from the Magistrate Judge's May 18, 2007 order, which granted in part and denied in part his motion for extension of time in which to file objections to the report. Treated as such, Plaintiff's appeal which was signed June 7, 2007 would appear to be untimely given that Plaintiff only had ten days within service of the order in which to file his appeal. Even if timely, the appeal is meritless as the decision to grant an extension of time is within the Magistrate Judge's discretion and it does not appear that the Magistrate Judge abused her discretion. Even if we were to review the request for extension of

---

[3] The <u>Williams</u> Court so held, even though Plaintiff filed a grievance and filed both second and third level appeals at least as to one of the two grievances and those appeals were addressed on the merits, just as occurred here. <u>Williams v. Pa. Dept. Of Corrections</u>, 1:01-cv-02345-CCC (M.D. Pa., Dkt. 64 at 7; Dkt. 65 at 7 - 16) (Available on PACER). Hence, even though the one grievance and its appeals were addressed on the merits, because the prisoner failed to name several of the defendants he eventually sued in any of the grievance or grievance appeals, the Court of Appeals found that the prisoner had procedurally defaulted his claims against those defendants who were not named.

time de novo, we would have reached the same conclusion as the Magistrate Judge had. Hence, this objection is overruled.

After review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this 25th day of June, 2007;

**IT IS HEREBY ORDERED** that the motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [145], filed on May 7, 2007, by Magistrate Judge Hay, is adopted as the opinion of the court as supplemented by this memorandum order.[4]

> s/ Terrence F. McVerry
> United States District Judge

cc:   Honorable Amy Reynolds Hay
      United States Magistrate Judge

      Roger Buehl
      AM-7936
      SCI Smithfield
      PO BOX 999
      Huntingdon, PA 16652

      Mariah Passarelli, Esquire
      Mary E. Butler, Esquire
      by Notice of Electronic Filing

---

[4] One minor correction of a typographical error should be noted to the Report. At page 15, the Report cites to "Williams v. Beard, __ F.3d __, 2007 WL 073953 (3d Cir. April 3, 2007)." The correct citation should have been to 2007 WL **9**73953, not **0**73953. Subsequent to the first citation of this case, the Report cited to the correct Westlaw identifying cite. In any event, the Westlaw cite has been superceded by the current citation of Williams v. Beard, 482 F.3d 637 (3d Cir. 2007).